**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ENRICO F. LUCCHETTI,<br><br>Petitioner,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br><br>Respondent. | No. 17-71081<br><br>MSPB No.<br>SF-1221-16-0091-W-3<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Merits Systems Protection Board

Submitted October 11, 2018[**]
San Francisco, California

Before: McKEOWN, W. FLETCHER, and BYBEE, Circuit Judges.

Enrico Lucchetti challenges the decision of the Merit Systems Protection

Board ("Board") denying his request for corrective action under the Whistleblower

Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8). Lucchetti claims he was

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissed during his probationary period as a maintenance worker because of his disclosures about unsafe entries into confined spaces, in violation of 29 C.F.R. § 1910.146. The Department of the Interior ("DOI") responds that Lucchetti was instead terminated because of unprofessional conduct and unauthorized use of government buildings.

The Board ruled that Lucchetti made out a prima facie case of whistleblower retaliation, but that DOI carried its burden of establishing "by clear and convincing evidence that it would have taken the same [adverse] personnel action" against Lucchetti absent his protected disclosures. 5 U.S.C. § 1221(e)(2); *see Miller v. Dep't of Justice*, 842 F.3d 1252, 1257 (Fed. Cir. 2016). We have jurisdiction to review the Board's decision under 5 U.S.C. § 7703(b)(1)(B) and we affirm.

We must set aside a decision of the Board if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Duggan v. Dep't of Defense*, 883 F.3d 842, 843 (9th Cir. 2018). It is not this court's "function" to "retry[] factual issues decided . . . by the Board." *See Briley v. Nat'l Archives & Records Admin.*, 236 F.3d 1373, 1377 (Fed. Cir. 2001).

When examining whether an agency has carried its burden of proving independent causation, we begin with the *Carr* factors. *See Duggan*, 883 F.3d at 846. The three nonexclusive *Carr* factors are: "[1] the strength of the agency's evidence in support of its personnel action; [2] the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and [3] any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated." *Carr v. Social Sec. Admin.*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

On the first *Carr* factor, the Board's conclusion that DOI presented "strong" evidence in support of the decision to terminate Lucchetti is supported by substantial evidence. The Board correctly noted that Lucchetti did not deny the "essential facts" of the stated grounds for his removal. The Board further found Lucchetti's "assertion that management never brought to his attention their concerns about his language and conduct" was "directly contradicted by [his supervisors'] testimony and by the written record." Where, as here, the Board "based its decision on the testimony of agency officials," its "credibility determinations . . . are 'virtually unreviewable'" on appeal. *Watson v. Dep't of Justice*, 64 F.3d 1524, 1531 (Fed. Cir. 1995).

3

Lucchetti faults the Board for failing to discuss the cancellation of his application for a vacant plumber position. But the evidence presented to the Board about why Lucchetti was not offered the position—concerns about his language and conduct—is the same evidence the Board credited in finding there were valid grounds for Lucchetti's removal. The Board therefore did not "manifestly ignore[]" "considerable countervailing evidence" when it declined to discuss the plumber position. *See Whitmore v. Dep't of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).

On the second *Carr* factor, though this court would have been aided by a more detailed discussion from the Board, we find substantial evidence to support the Board's conclusion that there was "scant evidence" of a retaliatory motive by those involved in the decision to terminate Lucchetti. There is no evidence that management was aware of the OSHA complaint filed by the union on confined space issues when Lucchetti was dismissed. Regarding Lucchetti's earlier internal complaints, there is evidence that management was receptive to these concerns. Even the OSHA notice recognized the agency's "good faith" efforts to provide training and did not "invoke violations" for that reason.

We note that, contrary to Lucchetti's arguments, the motives of one of his co-workers in making complaints about Lucchetti are not relevant to the second

*Carr* factor analysis. The Board's inquiry is about whether the *decision-makers* had an ulterior motive. *See Carr*, 185 F.3d at 1326 (finding no WPA violation where the decision makers "were not motivated to retaliate," even if they "acted on information that came to them from . . . employees who were").

On the third *Carr* factor, the Board did not err in finding that DOI carried its burden even though it did not present evidence about similarly situated non-whistleblowers. Though absence of evidence on the third *Carr* factor can cut against the agency where it withholds relevant information, a lack of similarly situated non-whistleblowers can also "effectively remove that factor from the analysis." *Whitmore*, 680 F.3d at 1374; *see also Duggan*, 883 F.3d at 847 (holding that, in the absence of evidence, the third *Carr* factor "plays no role in our analysis"). Lucchetti agrees that a "similarly situated" employee in this case would be a "probationary employee with a good work record." The Board correctly found there were no such employees.

The Board also accurately noted that "no action whatsoever was taken by the agency against . . . anyone else who complained about its failure to follow pertinent regulations regarding confined spaces." The third *Carr* factor, by its terms, does not instruct the Board to consider whether other whistleblowers faced

5

adverse personnel actions. *See Carr*, 185 F.3d at 1323. However, like the Board, we find such evidence to be instructive.

The *Carr* factors and the record must be considered "as a whole." *Duggan*, 883 F.3d at 847. The Board concluded that the first two *Carr* factors weigh in favor of DOI and that the third factor weighs, if at all, also in DOI's favor. The record as a whole provides substantial evidence to support the Board's conclusions.

**AFFIRMED.**